UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONARD BASTIDA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3546** |
| **JAMES M. LEBLANC, SECRETARY, ET AL.** | **SECTION: "A"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Leonard Bastida, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against James M. LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, and C.A. Lowe, Jr., the Chairman of the Louisiana Board of Parole and Probation. In this lawsuit, plaintiff claims that defendants' failure to afford him an evidentiary parole hearing before a three-member panel violated his federal constitutional rights to due process and equal protection. He seeks declaratory and injunctive relief.[1]

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] The Eleventh Amendment does not bar a suit against individual persons in their official capacities as agents of the state where the relief sought is declaratory or injunctive in nature and prospective in effect. Saltz v. Tennessee Department of Employment Security, 976 F.2d 966, 968 (5th Cir. 1992).

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that the complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

## Facts

Plaintiff is currently incarcerated based on his conviction in state court. In 1993 and 2004, he applied for and was denied parole. After applying again on September 24, 2008, he was sent a notice on October 17, 2008, which stated in pertinent part: "Your request for a parole hearing has been denied. The Board has reviewed your file and voted to deny your request for a hearing for the following reasons: Serious Nature of the Offense, Prior Felony Conviction(s), Escape."

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### Plaintiff's Claims

In his complaint, plaintiff appears to contend that his 2008 application was denied by a single board member instead of a three-member panel as required by law. Because plaintiff may not challenge the outcome of his particular parole application in a § 1983 action, the Court will liberally construe his claims as a challenge to the Parole Board's general procedures. See Jeffery v. Owens, 216 Fed. App'x 396, 397 (5th Cir. 2006) (a prisoner may not use a § 1983 action to challenge a specific error in the denial of his parole; rather, he may use such an action only to make a general challenge to parole procedures); see also Wilkinson v. Dotson, 544 U.S. 74 (2005) (although a prisoner may not file a § 1983 action to obtain immediate or speedier release from confinement, he may file such an action to seek declaratory or injunctive relief by challenging the state parole procedures).

### Due Process

Plaintiff first indicates that he is asserting a due process challenge. However, that challenge fails because Louisiana law has not created a liberty interest in parole that is protected by the Due Process Clause. See, e.g., Stevenson v. Louisiana Board of Parole, No. 01-30252, 2001 WL 872887, at *1 (5th Cir. July 11, 2001). Where a state has not created a liberty interest in parole, a prisoner may not challenge the state's parole procedures on due process grounds. Hughes v. Owens, No. 08-50329, 2009 WL 938915 (5th Cir. Apr. 8, 2009); Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Moreover, the Court notes that plaintiff's due process claim fails for at least two additional reasons.

First, the record does not support plaintiff's factual contentions. As noted, the October 17 decision stated that the Board had voted to deny plaintiff's application after a review of his file and cited specific reasons for the denial. There is no indication whatsoever that the denial was made by only a single board member without consideration of the relevant evidence.

Second, plaintiff's due process claim is in part based on his assertion that his parole denial resulted from factors that "will never change," i.e. the "Serious Nature of the Offense, Prior Felony Conviction(s), Escape." He apparently opines that, in light of that fact, he will *never* have a chance of being granted parole. However, the granting of parole is discretionary and, by law, the Parole Board is *required* to consider, *inter alia*, the circumstances of the offense and the prisoner's criminal history. La.Rev.Stat.Ann. § 15:574.2(C)(6). Consideration of those factors does not violate due process. Stevenson, 2001 WL 872887, at *2.

## Equal Protection

Plaintiff also indicates that he is asserting an equal protection challenge. To state an equal protection claim, a plaintiff's allegations must have two prongs: (1) "that he received treatment different from that received by similarly situated individuals" and (2) "that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). In this case, plaintiff fails to satisfy either prong.

As to the first prong, plaintiff's allegations are clearly insufficient. Although he notes that other prisoners have been granted parole while he has not, he identifies no "similarly situated" prisoners who have been treated differently in that regard. Moreover, it is obvious that prisoners are rarely "similarly situated" for such purposes, in that prisoners vary greatly in the offenses of which they stand convicted, the severity of those offenses, and their criminal histories. Therefore,

the fact that some prisoners are treated differently in this respect is to be expected because "the discretionary decision to grant parole must be made on a case by case basis based on the unique circumstances of each prisoner." Stevenson, 2001 WL 872887, at *1.[3]

As to the second prong, "[d]iscriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of ... the adverse impact it would have on an identifiable group." United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992); see also Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff makes no allegation that he is a member of an identifiable group, much less that the different treatment in this case stemmed intent to discriminate against him based on his membership in that group. That alone is fatal to his claim. See, e.g., Duhr v. Collins, No. 93-8169, 1994 WL 122213, at *3 (5th Cir. Mar. 24, 1994). Further, "in the absence of an allegation of discriminatory motive, a mere claim of

---

[3] The Court further notes an apparent flaw with respect to plaintiff's contention of equal treatment. He alleges that in the past the Parole Board had an "unwritten standard" of granting parole to prisoners who showed "a positive approach to rehabilitation" and were eligible for parole under La. Rev.Stat.Ann. § 15:574.4(A). In pertinent part, that statute provides:

> (2) Notwithstanding the provisions of Paragraph (1) of this Subsection or any other law to the contrary, unless eligible for parole at an earlier date, a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five. This provision shall not apply to a person serving a life sentence unless the sentence has been commuted to a fixed term of years. *The provisions of this Paragraph shall not apply to any person who has been convicted under the provisions of R.S. 14:64.*

La. Rev.Stat.Ann. § 15:574.4(A)(2) (emphasis added). Plaintiff is apparently incarcerated based on his conviction of armed robbery under in violation of La.Rev.Stat.Ann. § 14:64. See Bastida v. Whitley, No. 94-30455, 1995 WL 70629 (5th Cir. Jan. 23, 1995); State v. Bastida, 310 So.2d 629 (La. 1975). If so, § 15:574.4(A)(2) is inapplicable in his case.

inconsistent outcomes in particular, individual instances furnishes no basis for relief based on the denial of equal protection." Stevenson, 2001 WL 872887, at *1.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of June, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**